TRINA A. HIGGINS, United States Attorney (#7349)
MARGOT JOHNSON, Assistant United States Attorney (#16513)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON DAVID CORRY,<br><br>Defendant. | **UNITED STATES' MOTION FOR DETENTION**<br><br>Case No. 2:22-CR-227<br><br>Magistrate JARED BENNETT |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or]**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☒ The defendant's prior attempts to evade law enforcement.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

The United States moves for detention based on current information. The United States reserves the right to assert additional positions, raise additional arguments, and file additional pleadings in support of detention. Factors to be considered by the Court with regards to whether the Defendant has presented evidence to rebut the presumption and whether the United States has met its burden include: (1) the nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)); (2) the weight of evidence against the

defendant (18 U.S.C. § 3142(g)(2)); (3) the history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings (18 U.S.C. § 3142(g)(3)(A)); (4) whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law (18 U.S.C. § 3142(g)(3)(B)); (5) the nature and seriousness of danger to any person or to the community that would be posed by the defendant's release (18 U.S.C. § 3142(g)(4)); (6) the defendant's prior failures to appear; and (7) how the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

Here, the Defendant, a United States citizen, has had consistent interactions with law enforcement since 1994 giving him an extensive criminal history spanning the last 27 years. The Defendant is a self-admitted member of the SAC (Soldiers of Arian Culture) gang. In order to get a sufficient understanding of the seriousness of the danger the Defendant's release would pose to the community an in depth look into his criminal history is necessary. The Defendant was first entered a plea in abeyance to a felony theft and a misdemeanor burglary of a vehicle in September1994. Just months later, in April 1995 he was convicted for a third degree felony burglar and a second degree felony forgery offense for which he was sentenced to an indeterminate term of imprisonment. In 2004 he was convicted for his first drug related offense when he was convicted in Millard County, Utah for possession of a controlled substance, a felony in April 2005. For this offense his probation was discharged unsuccessfully in August 2005. In 2006 he was convicted in Mapleton, Utah for failure to appear. In July 2010 he was arrested (and was later convicted) for a second felony offense relating to the possession of a controlled substance. This case was not closed until June of 2014 because the defendant had four different failures to comply and four different sentences until the court just sentenced him to prison time. Months later, in March of 2011 he was arrested and was later convicted in Utah County, Utah, for driving under the influence. Two months later, in May 2011, he was arrested, and was later convicted, for his third controlled substance related offense when he was convicted for attempted possession of methamphetamine. In July 2012 he was arrested for possession with intent to distribute a controlled substance and in 2013 in this case he was convicted for possession of a controlled substance in Utah County. On this case he had a parole violation, and his parole was revoked in 2016. In October 2013, he was arrested for retail theft and a second driving under the influence, both of which resulted in convictions. In 2017, the defendant pled no contest to criminal trespass. In August 2017, he was convicted for assault, domestic violence related, in Millard County. He was terminated unsuccessfully from probation in this case. In December 2017, he was arrested and later convicted for threatening/use of a dangerous weapon in a fight (domestic violence related, criminal mischief and possession of a controlled substance. He was granted parole in this case on November 5, 2019 and on November 19, 2019 he had already violated parole. His parole was revoked and then reinstated on February 25,

2020 and then on April 8, 2020 he violated his parole again. In 2020, he was arrested and convicted for his third driving under the influence. That same year he was arrested and convicted for providing false personal identity to law enforcement. In 2021 he was convicted for possession of a controlled substance and possession of drug paraphernalia, possession of a firearm by a restricted person, a felony, and possession with intent to distribute a controlled substance. In this case he was arrested after law enforcement found 22 grams of methamphetamine, 2.5 grams of heroin, 41 oxycodone pills, scaled, baggies and pipes in his vehicle and officers located a pistol in his waistband. In May 2022, he was arrested for possession with intent to distribute a controlled substance and possession of a firearm after law enforcement observed and he later admitted to law enforcement that he had just sold the occupant of a vehicle methamphetamine. Just a month after that arrest he was arrested in the following case. The defendant was taken into custody in Utah County after this offense and the United States Attorneys office sought a writ so he could appear before this court. In total, the defendant has been convicted of fraud related offenses, assault related offenses, domestic violence related offenses, controlled substance offenses, drug trafficking offenses, public safety related offenses (driving under the influence), and firearm related offenses.

When reviewing the nature and circumstance of the offense it is clear that at the time of his arrest that the Defendant was engaging in drug trafficking. The Defendant himself told law enforcement that there would be methamphetamine in the vehicle. The Defendant was able to tell law enforcement exactly how much methamphetamine they found. He told law enforcement that he had purchased it in South Jordan and told law enforcement the typical price he would sell it for. A search of the vehicle not only resulted in law enforcement finding approximately 56 grams of methamphetamine but also tin foil, small zip lock bags and a digital scale on the front passenger's floorboard where he was sitting. He admitted that all of the items located were his. Distributing controlled substances, especially methamphetamine into the community for money causes significant concerns to not only the users of the narcotic who can suffer physical, mental, emotional, and psychological side effects from methamphetamine but also to the community at large. The concern regarding his behavior is amplified by his long criminal history which includes narcotics related offenses and his arrest for possession with intent to distribute a controlled substance a mere month before his arrest for this offense. This shows his complete disregard for the laws and also shows the fact that being arrested or facing criminal charges clearly does not dissuade him from continuing his criminal activity.

When reviewing the weight of the evidence against the Defendant this factor weighs in favor of detention. A distributable amount of methamphetamine along with other drug paraphernalia evidencing drug trafficking was found where the Defendant was sitting in the vehicle, the Defendant took ownership of all of the contraband in the vehicle and admitted where he had purchased the methamphetamine and how much he was going to sell it for.

Here, the Defendant's record makes one thing very clear, he has a complete lack of respect and disregard for the laws and for the Court's orders. During his 35 cases that were filed before a criminal court he has had 25 warrants issued for failure to appear, he has had 4 warrants issued for failure to comply, he had 5 cases where the court revoked his probation, two cases where he was terminated unsuccessfully from probation, and had three occasions where his parole was revoked.

For all these reasons, the United States moves for detention in this case as the Defendant cannot rebut the presumption that there is no condition or combination of conditions that will reasonably assure his appearance as required and there is no condition or combination of conditions that will reasonably assure the safety of the community. As such, the United States Attorney's office respectfully requests that the Defendant be ordered detained pending his criminal case.

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 29th day of June, 2022.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*<u>/s/ Margot Johnson</u>*
Margot Johnson
Assistant United States Attorney